**Robert F. WASSON, Jr., Plaintiff,**

v.

**Alexander B. TROWBRIDGE, Acting Secretary of Commerce of the United States, United States Merchant Marine Academy, and Gordon McLintock, Superintendent of the United States Merchant Marine Academy, Defendants.**

**Civ. A. No. 67 C 412.**

United States District Court
E. D. New York.
May 19, 1967.

Jerome Seidel, Brooklyn, N. Y., Burt Neuborne, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendants, Michael Rosen, David P. Steinmann, Asst. U. S. Attys., of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff, a Cadet, moves to stay the defendants from pursuing proceedings to expel him from the United States Merchant Marine Academy. His claim is that the Fifth Amendment to the United States Constitution was violated in that he was denied the right of counsel; the right to be judged by an impartial panel and that no verbatim record of the hearing was made available.

The plaintiff is enrolled as a junior Cadet at the Academy. In that capacity he is subject to its Regulations, including the Disciplinary Regulations of the Corps of Cadets. Article 200.13 thereof, entitled "Demerits" reads as follows:

"(a) Demerits are assigned to a Cadet as a record of Conduct. The number received is an indication of the Cadet's character, trustworthiness, and attention to duty, and is a measure of his aptitude for the service.

"(d) The limiting number of demerits per Cadet per class shall be as follows:

| "Class | Monthly allowance | Annual allowance | Maximum allowance |
|---|---|---|---|
| * * | * * * | * * * | * * * |
| Second | 14 demerits | 150 demerits | 200 demerits." |

The Regulations further provide that a Cadet who receives the maximum number of demerits shall appear before a Board, convened pursuant to the standard procedure. The entire record of discipline and conduct of the Cadet is reviewed to determine whether or not he should be retained in the Academy.

On March 30, 1967, the plaintiff was involved in a Class II offense and so charged by the Academy. The list of the offenses charged against the plaintiff is attached to the motion papers. Prior to the hearing, a request of the Cadet to obtain his own outside counsel was refused. Article 200.10 of the Regulations prescribe the Cadet's right to counsel. The hearing proceeded. The Board determined that the plaintiff was guilty. He was assessed 75 demerits. Those demerits, added to his prior ones, exceeded the maximum allowed to him, thereby subjecting him to dismissal from the Academy. His administrative appeal was denied. The Academy pursued its regular procedures in the handling of this disciplinary action.

■ It is abundantly clear that the real defendant in this case is the United States of America although others are named as party defendants. The Academy is an administrative branch of the Department of Commerce and not subject to suit unless such suit is authorized by an Act of Congress. The United States Supreme Court in Dugan v. Rank, 372 U.S. 609, at page 620, 83 S.Ct. 999, at page 1006, 10 L.Ed.2d 15, held:

" * * * The general rule is that a suit is against the sovereign if 'the the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., 337 U.S. 682, at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628; Ex parte [State of] New York, 256 U.S. 490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921)."

The Court further held at page 621, 83 S.Ct. at page 1007:

" * * * Nor do we believe that the action of the Reclamation Bureau officials falls within either of the recognized exceptions to the above general rule as reaffirmed only last Term. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168. * * * Those exceptions are (1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void. Malone v. Bowdoin, supra, 369 U.S. at 647, 82 S.Ct. at 983, 8 L.Ed.2d 168. In either of such cases the officer's action 'can be made the basis of a suit for specific relief against the officer as an individual.' "

It follows, therefore, that the movant has the burden of establishing that he comes within the exceptions to the said general rule.

The plaintiff has cited cases upon which he relies. The Court concludes that they do not support his position.

In Cafeteria & Restaurant Workers Union, Local 473, AFL–CIO, et al. v. McElroy et al., 367 U.S. 886, at page 894, 81 S.Ct. 1743, at page 1748, 6 L.Ed.2d 1230, the Court held:

"The Fifth Amendment does not require a trial-type hearing in every conceivable case of government impairment of private interest. 'For, though "due process of law" generally implies and includes actor, reus, judex, regular allegations, opportunity to answer, and a trial according to some settled course of judicial proceedings, * * * yet, this is not universally true.' Murray's Lessee v. Hoboken Land and Improvement Co., 18 How. 272, 280, 15 L.Ed. 372. The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. Federal Communications Comm. v. WJR, 337 U.S. 265, 275–276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353; Hannah v. Larche, 363 U.S. 420, 440, 442, 80 S.Ct. 1502, 1513–1514, 4 L.Ed. 2d 1307; Hagar v. Reclamation District No. 108, 111 U.S. 701, 708–709, 4 S.Ct. 663, 667, 28 L.Ed. 569.

' "[D]ue process," unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.' It is 'compounded of history, reason, the past course of decisions * * *' Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 162–163, 71 S.Ct. 624, 643, 95 L.Ed. 817 (concurring opinion).

"As these and other cases make clear, consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action."

In Due v. Florida A. and M. University, D.C., 233 F.Supp. 396, at page 402, the Court held:

" * * * The disciplinary committee was duly established and organized by standard, well-defined procedure. It functioned in a normal manner. Its action is not invalid on its face. Nor can it be said that the order of conviction of contempt of Court, upon which the suspension was predicated, is invalid on its face."

The Court further held at page 403:

"A fair reading of the Dixon case [Dixon v. Alabama State Board of Education, 5 Cir., 294 F.2d 150] shows that it is not necessary to due process requirements that a full scale judicial trial be conducted by a university disciplinary committee with qualified attorneys either present or formally waived as in a felonious charge under the criminal law. There need be no stenographic or mechanical recording of the proceedings.

"Procedures are subject to refinement and improvement in the never-ending effort to assure, not only fairness, but every semblance of fairness. * * * The touchstones in this area are fairness and reasonableness."

The conduct of the disciplinary proceeding has not been proven unconstitutional, so as to remove from the defendants the cloak of sovereign immunity.

The Court finds that it lacks jurisdiction of the subject matter hereof. Accordingly, the motion is denied and the complaint is dismissed.

Settle order on two (2) days' notice.